UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| ROBERT L COMPTON : | |
|     Debtor : | CHAPTER 13 |
| : | |
| JACK N. ZAHAROPOULOS : | |
| STANDING CHAPTER 13 TRUSTEE : | |
|     Movant : | CASE NO. 5-25-02259-MJC |
| : | |
| ROBERT L COMPTON : | |
|     Respondent : | |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

    AND NOW, this 20th day of October 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

    1.    Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

    Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

    a.  Non-filing spouse income must be included on means test.

    Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a.  Excess disposable income.

    2.    Debtor(s)' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

    a.  Residential real estate. Trustee requests proof of the value of the Debtor(s) home as stated in his/her schedules.

3. Debtor(s)' Plan violates 11 U.S.C. § 1325(b)(1) in that the Plan does not provide for the payment of all of Debtor(s)' projected disposable income for a minimum period of five (5) years.

4. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. Secured claim(s) is not in the Plan. Claim 2-1

5. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:
   a. Debtor(s) has not provided to Trustee pay stubs for the month(s) of February 2025 through July 2025 for non-filing spouse.
   b. Debtor(s) has not provided to Trustee a copy of Debtor(s)' credit report.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   c. Deny confirmation of Debtor(s)' Plan.
   d. Dismiss or convert Debtor(s)' case.
   e. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

CERTIFICATE OF SERVICE

       AND NOW, this 20th day of October 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

JOHN J. MARTIN, ESQUIRE
1022 COURT STREET
HONESDALE, PA 18431-

                               /s/Ashley Schott
                               Office of Jack N. Zaharopoulos
                               Standing Chapter 13 Trustee